11-3265-cv
*Taub, et al. v. Marchesi Di Barolo S.P.A.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
J. GARVAN MURTHA,
*District Judge.*\*

_____

DAVID S. TAUB, MARK TAUB, as successor to Martin G. Taub, deceased, PALM BAY INTERNATIONAL, INC.,

*Plaintiff-Counter-Defendant-Appellants,*

-v.- 11-3265-cv

MARCHESI DI BAROLO S.P.A.,

*Defendant-Counter-Claimant-Appellee.*

_____

\* Judge J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:     GARY ETTELMAN, Ettelman & Hochheiser, P.C., Garden City, NY, *for Plaintiffs-Counter-Defendants-Appellants David S. Taub, Mark Taub, Palm Bay International, Inc.*

FOR APPELLEE:      RACHAEL G. PONTIKES, (Larry Selander, John Dellaportas, Brian J. Slipakoff, *on the brief*), Duane Morris LLP, New York, NY, *for Defendant-Counter-Claimant-Appellee Marchesi di Barolo S.p.A.*

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Plaintiffs-Appellants appeal from the decisions of the United States District Court for the Eastern District of New York (Spatt, *J.*): (1) granting partial summary judgment in favor of Defendant-Appellee Marchesi di Barolo, S.p.A. ("Marchesi"); (2) granting judgment against Appellants after a jury found Appellants liable to Marchesi in the amount of $519,552.68; and (3) denying Appellants' post-trial motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and for a new trial pursuant to Federal Rule of Civil Procedure 59. We assume the parties' familiarity with the procedural history, facts, and issues on appeal.

2

Appellants argue that the district court erred in: (1) submitting the issue of cure to the jury; (2) instructing the jury as to the legal standard for cure; (3) denying Palm Bay International, Inc. ("Palm Bay") judgment as a matter of law on the ground that the jury's verdict that Marchesi tendered an effective cure was against the manifest weight of the evidence; (4) submitting the issue of Palm Bay's alleged breach of the dispute resolution provision of the Importation Agreement to the jury; (5) granting summary judgment in favor of Marchesi on the ground that Palm Bay's set-off was improper; and (6) finding that Palm Bay's set-off was a material breach of the Importation Agreement, which entitled Marchesi to terminate both the Importation and Agency Agreements.

The district court properly found that Palm Bay forfeited its argument that Marchesi's cure offer was ineffective as a matter of law; Palm Bay never raised this issue at trial or in its Federal Rule of Civil Procedure 50(a) motion. At trial, Palm Bay repeatedly argued that cure was *futile* because it was tendered after Olive Garden cancelled the Moscato Program. The futility argument differs from the one Palm Bay raised in its post-trial motions and on appeal: that Marchesi's cure was *ineffective*

3

because it failed to compensate Palm Bay for damages incurred as a result of the defective wine.  Because Palm Bay did not sufficiently raise the ineffective-cure argument at trial or in its Rule 50(a) motion, the claim is forfeited.  *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53-54 (2d Cir. 1993).  We also conclude that Palm Bay forfeited its right to challenge the court's jury instruction by failing to object explicitly to the district court's proposed instruction.  *See Caruso v. Forslund*, 47 F.3d 27, 31 (2d Cir. 1995).

Because the question of whether cure was futile depends on the disputed factual circumstances at issue, the question of cure was properly submitted to the jury.  *See* 1 White & Summers' Uniform Commercial Code § 8-5; § 8-7.  To the extent that Palm Bay challenges the jury instruction relating to that question, the challenge would be meritless as the instruction was fully consistent with the requirements of cure set forth in N.Y. U.C.C. § 2-508.  *See T.W. Oil, Inc. v. Consol. Edison Co. of N.Y., Inc.*, 57 N.Y.2d 574, 582-83 (1982).

Palm Bay also argues that the jury verdict regarding cure is unsupported by the evidence.  Having reviewed the record in the light most favorable to Marchesi, we cannot

4

conclude that "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or [that there is] such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [Palm Bay]." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 429 (2d Cir. 1995) (quotation marks omitted).

We also agree with the district court that Palm Bay's claims that the dispute resolution provision is unenforceable as a matter of law are without merit. The provision at issue uses mandatory language and acts as a condition precedent to Palm Bay seeking a remedy for any disputed merchandise. It is neither too indefinite to be enforceable nor an optional non-exclusive remedy. *See, e.g.*, *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 97-98 (2d Cir. 2007). As Palm Bay failed to comply with the mandatory requirement that the condition of the disputed merchandise be verified in the presence of representatives from Marchesi, the jury could have reasonably determined that Palm Bay breached the provision.

Because we affirm the jury's verdict regarding Marchesi's cure and Palm Bay's breach of the dispute

5

resolution provision, we do not reach Palm Bay's claim that the court erred in granting summary judgment in favor of Marchesi on the ground that Palm Bay's set-off was improper. *See Bruh v. Bessemer Venture Partners III L.P.,* 464 F.3d 202, 205 (2d Cir. 2006)*; see also Shinseki v. Sanders*, 129 S. Ct. 1696, 1705 (2009).

Finally, we find no merit in Palm Bay's argument that even if the set-off by Palm Bay was improper, it was not a material breach that entitled Marchesi to terminate the Importation and Agency Agreements.  It is axiomatic that failure to pay is a material breach of a contract.  *See ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 649 (2d Cir. 1991).  As such, the district court's holding that Palm Bay's set-off (if improper) entitled Marchesi to terminate the agreements was correct.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```